<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
RAMANAND PERSAUD,                  :
                                   :   Civil Action No. 07-3177 (RMB)
            Petitioner,            :
                                   :
       v.                          :   OPINION
                                   :
CHARLES E. SAMUELS, JR.,           :
Warden,                            :
                                   :
            Respondent.            :
```

APPEARANCES:

Petitioner <u>pro se</u>
Ramanand Persaud
Federal Correctional Institution
P.O. Box 2000 (East)
Fort Dix, NJ 08640


**BUMB**, District Judge

   Petitioner Ramanand Persaud, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] and an application for leave to proceed <u>in</u>

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
...
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

forma pauperis.[2]  The sole respondent is Warden Charles E. Samuels, Jr.

Because it appears from a review of the Petition that this Court lacks jurisdiction to consider this Petition, and that it is not in the interest of justice to transfer the Petition, the Court will dismiss the Petition.  See 28 U.S.C. §§ 1631, 2243, 2244(a), 2255.

## I.   BACKGROUND

According to the allegations of his Petition, Petitioner was convicted in the U.S. District Court for the Eastern District of New York of conspiring to import, importing, and attempting to possess cocaine in the amount of five kilograms or more, in violation of 21 U.S.C. §§ 963, 952(a) and 846, respectively, and was sentenced, on November 8, 2002, to a term of 151 months' imprisonment to be followed by five years' supervised release.  Petitioner appealed and his conviction and sentence were affirmed by the Court of Appeals for the Second Circuit on February 13, 2004.  See United States v. Persaud, 87 Fed.Appx. 214 (2d Cir. 2004).

Thereafter, Petitioner filed in the trial court a Motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, asserting claims based upon ineffective assistance of

---

[2] Based upon Petitioner's affidavit of indigence, this Court will grant Petitioner's application for leave to proceed in forma pauperis.

counsel and the U.S. Sentencing Guidelines. <u>See</u> <u>Persaud v. United States</u>, Civil Action No. 04-2862 (E.D.N.Y.).³ The trial court denied the motion on the merits on December 28, 2005. Petitioner's appeal was dismissed without prejudice to reinstatement upon notice to the Clerk of an order by the district judge granting or denying a certificate of appealability. <u>See</u> <u>Persaud v. United States</u>, No. 06-3875 (2d Cir.). On December 18, 2006, the District Court entered an order denying a certificate of appealability, but Petitioner never moved in the Court of Appeals to reinstate the appeal.

On September 6, 2006, Petitioner filed in the trial court a motion, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, for a reduction of sentence. <u>See</u> <u>Persaud v. United States</u>, Civil Action No. 06-6670 (E.D.N.Y.). In denying the motion, the trial court advised Petitioner that, if he wished to pursue the claim as a habeas corpus petition, he must make an application to the Court of Appeals of the Second Circuit for permission to proceed with a second or successive habeas petition.

---

³This Court will take judicial notice of the dockets of other federal courts in cases related to this Petition. <u>See</u> Fed.R.Evid. 201; <u>Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.</u>, 181 F.3d 410, 426-27 (3d Cir. 1999) (federal court, on a motion to dismiss, may take judicial notice of another court's opinion, not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity).

Twice, Petitioner moved in the Court of Appeals for the Second Circuit for leave to file a second or successive § 2255 motion, asserting claims based upon alleged entitlement to various sentencing reductions under the U.S. Sentencing Guidelines. See Persaud v. United States, No. 07-0134 (2d Cir.); Persaud v. United States, No. 06-3907 (2d Cir.). Both times, the Court of Appeals denied leave, finding that Petitioner had failed to satisfy the criteria set forth in 28 U.S.C. § 2255.

Now, Petitioner has filed in this Court a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, again asserting entitlement to certain sentencing reductions under the U.S. Sentencing Guidelines, and asserting that his prior counsel provided ineffective assistance by failing to assert these claims at trial, on direct appeal, and in Petitioner's previous § 2255 motion.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429

U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

### III. ANALYSIS

Here, Petitioner contends that he is entitled to habeas relief under § 2241, despite the facts that he has filed a previous § 2255 motion and that the Court of Appeals for the Second Circuit has denied him leave to file a second or successive § 2255 motion to assert these same claims. Presumably, Petitioner contends that relief under § 2255 now is "inadequate or ineffective." See In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

As noted by the Court of Appeals for the Third Circuit in Dorsainvil, 119 F.3d at 249, § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their

5

confinement. See also Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977); United States v. Walker, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241). Motions under § 2255 must be brought before the Court which imposed the sentence. See 28 U.S.C. § 2255. In addition, before a second or successive § 2255 motion is filed in the district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition on the grounds of either (1) newly-discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense or (2) a new rule of constitutional law made retroactive by the Supreme Court. 28 U.S.C. §§ 2244(a), 2255.

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention." In Dorsainvil, a case involving a Bailey claim, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously

had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251. The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. Id. at 251-52.

Here, Petitioner does not allege that he is being confined for conduct that is not criminal, the Dorsainvil exception. Moreover, Petitioner can not establish that he had "no earlier opportunity" to challenge the application of the Sentencing Guidelines to his sentence. Although Petitioner alleges that prior counsel were ineffective for failing to raise these sentencing issues, he does not allege that he made any attempt, himself, to raise them, although he was aware of them prior to his original sentencing. See Petition ¶ 13, Ex. D. Petitioner can not demonstrate that the circumstances here constitute the

sort of "complete miscarriage of justice" that would justify application of the safety-valve language of § 2255 rather than its gatekeeping requirements. Section 2255 is not "inadequate or ineffective" merely because a prior § 2255 motion has been unsuccessful.

Thus, this Petition must be considered a second or successive motion under § 2255, which Petitioner has not received authorization to file, and over which this Court, in the district of confinement, lacks jurisdiction.[4]  28 U.S.C. § 2255.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.

Petitioner has not alleged facts to bring this Petition within the gatekeeping requirement of § 2255 permitting "second

---

[4] Although this Court is reclassifying Petitioner's petition as a § 2255 motion, no Miller notice and order is necessary to afford Petitioner an opportunity to raise additional § 2255 grounds. The purpose of the Third Circuit's decision in United States v. Miller, 197 F.3d 644 (3d Cir. 1999), was to provide fair warning to petitioners whose petitions were being recharacterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition. Such warning, the Miller court reasoned, is necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals. Because Petitioner in this case has already filed a § 2255 motion in the sentencing court, and because the current Petition is itself "second or successive," no purpose would be served by a Miller notice.

or successive" petitions based upon newly discovered evidence sufficient to establish that no reasonable factfinder would have found the movant guilty of the offense or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. Moreover, the Court of Appeals for the Second Circuit has twice denied Petitioner leave to file a "second or successive" § 2255 motion to challenge his sentence. Accordingly, it does not appear that it would be in the interest of justice to transfer this Petition to the Court of Appeals for the Second Circuit.

Finally, this Court expresses no opinion as to the merits of Petitioner's claims.

IV. CONCLUSION

For the reasons set forth above, the Petition must be dismissed without prejudice for lack of jurisdiction. An appropriate order follows.

Renée Marie Bumb
United States District Judge

Dated: 8/8/07